Welcome, everyone, to the Fourth Circuit Court of Appeals this morning. Three interesting cases and a group of good lawyers. Judge Gregory and Judge Thacker and I are pleased to be with you. In the first case, Messer v. Garrison Investment Group. Ms. Tate. Good to have you, Ms. Tate. You may proceed. Good morning. First, I want to say that it's a pleasure to be in your court. We're here today because a private equity firm in New York seeks your complicity in evading and paying employees stay pay, back pay, and their severance pay. And you're talking about Garrison, the appellee here? Is that who you're talking about? Garrison? That is Garrison. How are they evading? Where were they? Where was liability decided as to Garrison? Where can I find that? Liability is not decided per se at this point because Because appellants dismissed Garrison. That's why. So who's really evading here? Well, Garrison is, but let me explain why. We non-suited Garrison, rather dismissed Garrison at the stage of the trial court level where the judge had eliminated severance pay as a potential damage. And at that point, it was our goal to drop everything else and get to this court to get a ruling on whether You want us to find liability for Garrison because nobody has found liability yet. No, please, please let me finish. No, you let me finish. Yes, ma'am. I'm talking. Yes, ma'am. I'm asking you, let me ask you two questions. Did you dismiss Garrison? I did. Was Garrison ever found to be liable? Garrison is the only responsible person in this case. Where were they found to be? The question is, was Garrison ever found to be liable? Garrison is both presumptively liable and liable for the judgments already of record because Where can I find that they are liable for the judgments? I agree with you, Your Honor, that there was no judgment from the district court. Okay. So then what authority do you, are you relying, and this I think will get to what you want to say. Sure. What authority are you relying on to hold somebody accountable for a judgment for which they were never found liable? The Supreme Court in the Peacock case determined that the phrase otherwise liable was a way to make the defendant in the case liable. And the court, the Supreme Court did not define otherwise liable. They used two phrases, otherwise liable and, oh, what's the, there's one other phrase they used. But they, already liable. But they do not define in any greater structure what is liable. But here, by law, who but the owner is liable. Who but the person or entity that walked away with all the money is not liable. And who dismissed that person from the lawsuit? You're absolutely right. The plaintiff did. And the plaintiff did because in that suit, at that time and place, the severance plan and severance funds were not on the table and could not be obtained. We had to have this court's decision in the other Messer v. Garrison case to prove that, in fact, the severance funds, the severance plan was in effect on the day of the closing announcement, July 30, 2018. Otherwise, we were wasting money and wheels to get what we already knew the court was going to give us. And that is liability as to the. And you're basing, just so I understand, and you're basing your argument on the Supreme Court case in Peacock because otherwise liable is, according to you, not defined there. And Garrison falls into the category of otherwise liable. Oh, absolutely. Garrison is three things here. Garrison was the sole owner of Bristol Compressors. Why did you dismiss them? We dismissed them because in that court case, the law of the case was you cannot get damages by getting the severance pay. The severance pay had been taken off the table by the district judge in a very early stage. The judge determined. But you had sued them and then you dismissed them. Yes, sir. And I thought you dismissed them because you had a reply brief due and you didn't have time to get it done. I beg your pardon? Did you have a reply brief or a brief due and a deadline? And rather than file the brief, you dismissed Garrison. That's not the way it happened. It didn't happen that way. That's not the way it happened. We dismissed Garrison because the district court ruled that you cannot get severance pay out of this case. And that's why we needed to appeal to this court. Wait, was that before or after you dismissed Garrison that the district court ruled that way? Oh, the district court ruled that way when it certified the class. The class action notice had a specific sentence in it, even though we had claimed severance pay, a specific sentence in it that said severance pay cannot be an item of damages in this case. And that was Judge Jones' early opinion. And he also reiterated that opinion by giving the defendant Garrison summary judgment on the severance pay, whether it was in effect or had been terminated. And Judge Jones removed it first from the notice of class action. He removed it a second time from the case by granting summary judgment that the severance pay plan had been terminated. Right, but by the time the court ruled on that summary judgment, hadn't you already dismissed Garrison? Because instead of responding to the summary judgment motion, didn't you dismiss him? No, we dismissed them at a point in time where we could get to this court. Did you file a response to the motion for summary judgment you're talking about? Yes. It was filed after this court's ruling that, in fact, the severance pay was in effect. Oh, wait, after we, so, okay, yeah. Garrison had already been dismissed from the case by the time the Fourth Circuit heard it the first time. Right, because until we had a determination as to whether or not the severance pay had been terminated and they was no longer able. But if you believed you were right all along as to Garrison and the severance pay, why wouldn't you have preserved that by keeping Garrison in the case? By keeping Garrison in the case, we would have given them the leeway to drag it and drag it and drag it. We didn't want that. We wanted them out. We wanted to get a final ruling on the offenses, the violations of the Warren Act, and the failure to pay the severance pay, but we could. So you dismissed Garrison to expedite the case? Yes. We discharged them because. So you wanted them out for that reason, and now you want them back in. We wanted them out because they could delay, with millions of funds, our getting a decision that the severance pay plan had not been terminated because the district court said the severance pay was terminated. Right, but your litigation decision has consequences. They're not in the, at least from the way I read things, they're not in the case anymore, and you're trying to hold them liable when they weren't in the case when liability was determined. They were not in that case, but the suit we have filed here, Messer 2, seeks their liability because they are the entity. They were the fiduciary of the severance pay plan. But the Peacock case that you highlight actually says that ancillary jurisdiction does not extend, quote, over new actions in which a federal judgment creditor seeks to impose liability for a money judgment on a person not otherwise liable for the judgment. So is this a new action? Yes. Is it a new action? It's, yes, yes. It's a new action to collect. Are you a federal judgment creditor? You just said it's a new action to collect, so you are a federal judgment creditor. It's a new action to collect. Are you seeking to impose liability? I beg your pardon? Are you seeking to impose liability on Garrison? You want them to be liable, right? Absolutely, because. Yes, okay. For a money judgment? Yes. Okay, yes. We're almost there. On a person not otherwise liable for the judgment. So, I mean, that's exactly this case. But that's also the language you point to for your argument. Respectfully. I'm not getting it. Respectfully, Garrison was otherwise liable from day one when they bought the company. Garrison was the sole owner. They may have been, but then you dismissed them. And over their objection, which is another interesting twist. This is to collect from the person truly responsible. Which is what litigation is for. I agree with that. Garrison was the owner, the lender, and the fiduciary. They wiped out bristle compressors, dissolved it, and took the money back home. All of that may well be accurate. I beg your pardon? All of that may well be accurate. You might be right about everything you just said. But there wasn't a verdict rendered against them. We didn't seek that at that time. I know. You want to do it now. Pardon me? You want to do it now. We are attempting to collect on $4 million worth of judgments entered by the district court.  You're seeking to impose liability for a money judgment on a person not otherwise liable for the judgment. That's Peacock. No. That's what Peacock says. That is right. Garrison is otherwise liable from day one. If not the owner, who? Who is responsible? Right, right. But they have to be found liable in court. Yes. In this case, Messer 2, the district court should find them liable for the judgments entered against their subsidiary, their instrumentality, the entity they controlled completely from day one. And we are seeking responsibility. So if you compare this case to Peacock, Garrison is True Tech, but they didn't have the evidence against True Tech. The evidence is here in Messer 1. And to be specific about jurisdiction, the defendant suggests that this is an entirely new and original case. Absolutely not. This is to do the two things. Permit disposition by single court of the claims that are in varying respects and degrees factually interdependent. All the evidence we took in Messer 1 shows Garrison is the liable person, entity. In other words, to say otherwise liable, Garrison is otherwise liable. Which is why you should not have dismissed them from the lawsuit. Perhaps not, but not like Peacock. In Peacock, the person who was, well, Peacock, the guy who was sued, he was not a fiduciary. He was not a controller. He was not the sole owner. And if you just look plainly at the system we have of law and an entity does something, who's responsible? The owner or the fiduciary. And in this case, it's all three. Garrison was the fiduciary of that severance fund. And Garrison walked away, sold all the assets, and walked away with the money. And it is federally protected wages and severance pay. And this was an action. Messer 2 is an action to make the true responsible person, the person with authority, responsible for those judgments. Thank you very much. Thank you very much, Ms. Tate. Mr. Churchill? Yes, Your Honor. Thank you. Good to have you with us, Mr. Churchill. Thank you, Your Honor. It's good to be here. And let me just start with something important, given counsel's discussion of the factual record below. I actually have the benefit of having litigated the case below, so I know it pretty well. Counsel states that the reason why the plaintiffs in that case didn't proceed against Garrison is because severance was taken out of the case. That's absolutely not true. As Judge Thacker stated, there were pending motions for summary judgment. The severance motion for summary judgment was pending. The motion for liability on the single employer theory of liability under Warren Act was pending. And there was an opposition brief due, which the plaintiffs did not file, to the defendant's motion for summary judgment. Instead, at that juncture, the plaintiffs sought to dismiss Garrison. Then, after the defendants opposed that motion, ultimately the plaintiffs did file an opposition to summary judgment. And Judge Jones, in the case below, dispensed with all of those issues in the same opinion on March 26, 2020. He ruled that he would allow the plaintiffs to take Garrison out of the case because he found that there was not sufficient prejudice. And as the court may have noted, one of the things that Judge Jones said was, I don't find sufficient prejudice, and good news, if we need to take up Garrison again, I have these motions for summary judgment ready to review and we can rule upon. Instead, he allowed Garrison to be removed from the case, and then, in that same ruling, he decided that severance was out of the case. Okay, right. So that's what I thought. So severance, the severance pay, the decision that severance pay couldn't be an item of damage was that Garrison was out of the case at that time. It wasn't that that decision was made and then Garrison. That's correct. The severance issue had nothing to do with the plaintiffs wanting to get Garrison out of the case. The reason plaintiffs wanted to get Garrison out of the case is ultimately in the mind of the plaintiffs and plaintiffs' counsel. I suspected at the time that we had a full factual record on the part of Garrison that was a winner on the single employer liability case. We finished discovery in that case. We took depositions. We had briefed the DOL five factors, which this court has endorsed in Pennington v. Floor, and we were ready for a judgment. I do have one question about the dismissal. Yes, Your Honor. The dismissal was without prejudice. Does that make any difference here to your argument or to the appellant's argument? It doesn't, Your Honor, because ultimately they didn't rename Garrison and they could have. Well, they would say they're trying to do that now. Well, and they could have at any point, which is the reason why the district court ultimately also has a ruling based on statute of limitations. Ultimately, it's not the case that this court can't hear an argument that these defendants violated the Warren Act and ERISA, but it has to be timely. So what we believe PCOC stands for is that if you have an underlying judgment and a judgment creditor, and that judgment creditor comes into court in a new case seeking to collect, you have to have a basis for federal jurisdiction. Piercing the corporate veil, which is the same remedy that was discussed in PCOC, is not a separate basis for federal jurisdiction. So we cited in our brief, well, first the district court cited a case that we cited from the Middle District of Alabama. It's called Exford v. Casey Economic Development, LLC, from 2018. And in that particular case, what happened was that there was a litigant that was arguing that, hey, this is just a collection action. And they were citing an 11th Circuit decision in Hatfield. And what the district court noted in that case was Hatfield was not a second case. Hatfield was the same case. And so you will notice that Ms. Tate has not moved under Rule 69 to execute on a money judgment. What she's done is waited until judgment was established against an empty chair, because BCI defaulted in the case below. So she had an unopposed case, got money judgments, appealed the severance decision, still didn't add Garrison back in, got $2.4 million additional dollars, didn't add Garrison back in then, and then filed this case. And so the independent basis needed for federal jurisdiction is what's missing here. So even if you assume that what the plaintiff's appellants want to do is proceed directly now as opposed to vicarious liability, if they want to start a new case, it would still have to be timely. And that's the reason why the statute of limitations analysis is important. And I can get to that in a moment. But let me point to two cases that the appellees cited in their brief at page 24, both from this circuit, United States, XREL, Bunk v. Government Logistics, that's 842F3261. And in that case, similar to the decision in Exford from the Middle District of Alabama, the Fourth Circuit noted that what it was dealing with was a continuation of the original case. It wasn't a second separate case that was filed. So that would be along the lines of ancillary enforcement jurisdiction. This isn't an enforcement action at all. And then the other case that we cited from this circuit was Flame v. Freight, Bulk Partnership, 807F3572. In that case, jurisdiction in the court was based on admiralty jurisdiction, which is a separate basis for federal jurisdiction. Mr. Churchill? Yes, Judge Gregory. Do you agree that Congress intended this to be a statute to protect people, particularly smaller towns, really, because sort of some places when they close, the town is shuttered too. So that was the intent of Congress to do that. And my question to you is, can you respond to Ms. Tate saying that shouldn't the owner, that's what she said, shouldn't the owner be responsible to make sure that, you know, the person who the fiduciary and make sure that those monies are properly paid to people who didn't, the warning type thing? So you're just saying your client is just not the owner at all, not responsible at all? I'm just wondering in terms of trying to, because as a court, unless it's unconstitutional, we try to adjudicate that's consistent with the intent of Congress. I mean, that's what the Constitution says in a sense, unless it's unconstitutional or illegal somehow. But isn't that what we're trying to do? So would you respond to Ms. Tate's plea to say that, you know, like it's an old proverb that says when elephants fight, ants get, you know, trampled. So there's a fight here, but really it's the people in terms of the severance employees. Can you answer that? Yes, Your Honor. So as I indicated, Garrison Investment Group was one of two defendants initially named in the case. And Garrison Investment Group participated as a co-defendant in that case and defended itself for more than a year and so was fully engaged on that issue. And the plaintiffs had Garrison Investment Group in the case to determine whether or not Garrison Investment Group was liable as a single employer. And what the Department of Labor standard, the reason why the Pennington court decided that that's the correct test is what it looks at is not piercing the corporate veil standards. That's not part of the WARN Act. What it looks at is who's the employer. And there are five factors plus additional factors that are relevant. And so it's not a question of whether Garrison Investment Group is running away here. Garrison Investment Group defended itself. But Garrison Investment Group doesn't have an interminable statute of limitations here. So if the plaintiffs wanted to hold my clients, any of my clients, liable, they either needed to finish that first case and not drop us simply because they didn't want to fight with us or sue on time. Instead, what happened was they sued under the WARN Act and ERISA. They sought both a WARN Act liability and ERISA damages back in a suit filed in 2018. And then they litigated the case. They appealed the severance issue and waited until what they felt like was a favorable result. And it was my concern when I opposed the motion to dismiss. I said, I am prejudiced. My client has sat here and has litigated this case, and I don't want to be hauled into court later. The opportunity is now. And the district court said, don't worry. I've got your briefs. Well, here we are. And so it's not a case of Garrison Investment Group not being willing to face the music. It's a case of the plaintiffs not doing their job. I wanted to briefly address this question of whether or not concepts of fiduciary liability can be equated to being otherwise liable. The district court's opinion addressed that squarely. The district court opinion, you mean Judge Jones' last year, 2025 opinion? Correct, the one that's on appeal now. Yes, Your Honor. And so in dismissing the case, I believe the district court opinion addressed that directly and said fiduciary liability also is not an independent basis for federal jurisdiction. Now, if you're asserting fiduciary liability under ERISA, that can be a basis for liability. But again, you have to sue on a timely basis. So let's look at what happened. In the case below, when the issue of severance benefits was pleaded and brought before the court, Garrison Investment Group and Bristol Compressors filed a motion for summary judgment and they said the severance plan was terminated properly. The plaintiffs opposed that motion for summary judgment and argued back in December of 2019, I believe, or maybe January of 2020, they argued this is an ERISA plan and ERISA plans require written notice. Judge Jones took up the briefs and said, I agree, it's an ERISA plan, but termination was proper because there was a joint resolution by the board and that's all that was necessary and the district court considered declarations that were submitted and decided termination of severance is proper. That was in the March 26, 2020 summary judgment opinion. This court took the plaintiff's appeal up and said we disagree. It's undisputed that it's an ERISA plan, yes. However, the termination had to include written notice to the employees and the mere passing of a resolution was not sufficient. In fact, the benefits handbook said that there had to be a written notice from HR. It didn't happen. So the case was the decision on severance and one other decision was vacated, sent back down to the district court. Garrison remained out of the case. This was only Bristol Compressors involved and the plaintiffs got a judgment, the additional $2.4 million. So what we're faced with here is an argument by the appellants that somehow the clock hadn't run and somehow it only mattered and they only had a crystallized claim for ERISA when this court ruled to reverse the district court. There is no support for that anywhere under the law. Just by definition, the fact that they got a judgment for ERISA damages said that they had actual knowledge of their right to claim, to make the ERISA claim. What the statute requires under 29 U.S.C. 113 subpart 2, which is the three-year statute of limitations, which is the applicable statute of limitations here, is that you have actual knowledge of the claim. That doesn't mean that you know you're going to win. It means that you have knowledge of a claim. Did they have knowledge of a claim because they sued for one? We believe that is the case. And so if you look at the filing date of the lawsuit, the original lawsuit was October of 2018, and even accounting for tolling for COVID, because this was COVID times, and accounting for the fact that Garrison was in the case as one of the 15 defendants here, the statute is run on an ERISA claim. And the Warren Act statute of limitations is two years, which is provided by Virginia state law. And obviously the two-year statute has run as well. So we believe that whether you're looking at the case from the lens of Peacock or whether you say, okay, you've got a new lawsuit, go ahead and file now against these defendants. They're not liable for what happened to BCI, but you can sue them now. That's the second question before the court, and it's an untimely lawsuit for either of those modes of relief. And unless the court has other questions, I wanted to briefly discuss personal jurisdiction. Very briefly, the personal jurisdiction issue is irrelevant if the court affirms on dismissal for lack of subject matter jurisdiction under Rule 12b1, but we also wanted to note that as submitted to the district court on the motions to dismiss, there is not jurisdiction over eight of the ten corporate defendants. They were dissolved as of the time that the lawsuit was filed, so they couldn't be liable. So even if this case were to be sent back to the district court, the only two proper defendants would be Garrison Investment Group and Gig, GP. And as to the individual defendants, we don't believe any of them are proper parties, but two specific defendants weren't even at the company, and so both of those defendants would be properly dismissed, and they are Julian Weldon and Steven Scott Stewart. Mr. Weldon ceased being employed as of March 2015, well before any of the activity at issue in the underlying case, and Steven Scott Stewart ceased being employed and had no affiliation as of August 2016. These are both sworn declarations submitted with the motion to dismiss, and so neither person would be a proper individual defendant. But again, we don't believe those are necessary determinations if this court affirms on Rule 12b1. That's all I have. Thank you very much, sir. Thank you. Ms. Tate. Thank you, Your Honor. Statute of limitations of ERISA, for an individual, it's three years. For an entity and plan, it's six years. Virginia contract law is five years. No matter how you look at it, the statute of limitations had not run, and it accrued on April 23, 2023, when this court said that plan was not terminated and essentially the funds are owed to these employees. Now, no execution on those judgments because Garrison had already dissolved Crystal Compressors, Inc., sold everything for what we understand is approximately $29 million. Garrison knew as the subsidiary's parent and actually the instrumentality of Garrison that this court's decision gave the jurisdiction, gave the entity the authority then to sue for what we now claim. This Garrison is the fiduciary, owner, and liable, and that it equals otherwise liable. The case is timely under those circumstances because there was no point in bringing another lawsuit unless we knew that the severance plan was still in effect and it was definitely not terminated legally. With respect to jurisdiction, ancillary jurisdiction should be given where the court can vindicate its authority, effectuate its decrees, and this court gave those judgments. This court, I'm talking about the district court, had the authority to exercise jurisdiction, and if they had discretion about it, they've abused that discretion because this case deserves a hearing because of the owner. Who else? The owner is responsible, and there has never been a denial that Garrison is not the fiduciary, and the fiduciary in Peacock did not exist. Peacock was not a fiduciary, key difference, and with respect to the otherwise issue, the notice to the class early on in 2018 or 19 had the phrase, no severance pay will be awarded as damages in this suit. The judge had wiped it out completely. We had to get it back on track, and that didn't happen until April 23, 2023. Hundreds of workers, millions of lost wages and severance benefits that they deserved have been wiped away. We cannot let Garrison make this playbook to guard their subsidiaries all over the country. This subsidiary and Garrison, Garrison under control, Garrison with the authority to spend the money, did not pay federal owed debts to these employees. Thank you. Thank you very much, Ms. Tate. We'll take the matter under advisement. We'll come down now and greet counsel, as is the tradition in the Fourth Circuit, and then we'll return to the bench and call the next case.
judges: Robert B. King, Roger L. Gregory, Stephanie D. Thacker